UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CHOYCE, | No. 2:19-cv-1216 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. OLIVERIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for preliminary injunction, in which plaintiff seeks an order that appears to prevent a non-party correctional officer from placing plaintiff into general population unless plaintiff withdraws this civil rights action. (ECF No. 7.)

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under

1

Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, Inc., 586 F.3d at 1127 (citing Winter, 555 U.S. at 20).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). "A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

Plaintiff's motion for preliminary injunctive relief should be denied because it is premature. The court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action, and the motion itself is directed at an individual who is named in this action at all. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); see also Local Rule 231(a) (stating TRO shall not be granted in the absence of actual notice to the affected party or counsel except in the most extraordinary of circumstances).

A temporary injunction would also be inappropriate; plaintiff has not established the elements necessary to obtain injunctive relief. His allegations are conclusory and bereft of detail. Furthermore, plaintiff fails to demonstrate that he is likely to succeed on the merits.

Lastly, review of plaintiff's complaint reveals allegations related to the defendants' inclusion in plaintiff's Central File of a falsified commitment offense of rape that resulted in plaintiff being severely attacked by other inmates. By way of relief, plaintiff seeks damages and expungement of the rape commitment offense. Here, plaintiff seeks an order preventing his placement in general population. When granting injunctive relief, it is only appropriate to grant a preliminary injunction providing "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not

issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id.

For these reasons, IT IS HEREBY RECOMMENEDED that plaintiff's motion for preliminary injunction be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2020

/DLB7;
DB/Inbox/Priority/choy1216.f&r tro

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3