UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CHOYCE,<br><br>    Plaintiff,<br><br>    v.<br><br>M. OLIVERIA, et al.,<br><br>    Defendants. | No. 2:19-cv-1216 TLN DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with this civil rights action, has requested the appointment of an attorney or mediator for settlement purposes. (ECF No. 24.) This motion follows the July 23, 2020, order staying this case and referring it to the post-screening ADR project. The Court therefore construes plaintiff's motion, in part, as a notice of his willingness to participate in the ADR project.

Plaintiff also requests the appointment of counsel because he is housed at Atascadero State Hospital where he is being treated for hearing voices, severe depression, and a major learning disability. He claims that appointment is necessary because he is "heavily medicated and at times unable to comprehend things."

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not find the required exceptional circumstances at this time. While plaintiff contends that his ability to prosecute this action is hampered by his placement at Atascadero State Hospital for "hearing voices, severe depression, and [a] major learning disability," plaintiff submits no documentary evidence in support of his motion. The Court is thus unable to ascertain the extent, if any, to which his mental health problems affect his ability to articulate his claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 24) is denied without prejudice to its renewal.

Dated:  September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/choy1216.31